IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA SLOCUM, )
 )
 Plaintiff, )
 )
vs. ) Case No. 09-1310-WEB
 )
MICHAEL J. ASTRUE, )
Commissioner of )
Social Security, )
 )
 Defendant. )
_____)

RECOMMENDATION AND REPORT

**I.  Facts of the case pertaining to motion to dismiss**

Plaintiff filed her complaint on October 9, 2009 (Doc. 1).  On November 23, 2009, defendant filed a motion to dismiss plaintiff's complaint (Doc. 7-8).  Plaintiff filed a response to defendant's motion to dismiss on December 16, 2009 (Doc. 11).

Defendant seeks dismissal of the case because of his allegation that plaintiff failed to exhaust administrative remedies, thus precluding judicial review.  Plaintiff alleges that she was denied due process of law because she was not provided notice of the ALJ decision.  For this reason, plaintiff alleges that the court has jurisdiction to consider a colorable constitutional claim.  The court will therefore set forth the

1

timeline of this case at the administrative level.

April 13, 2009: An administrative law judge (ALJ) issued a decision denying plaintiff's claim for Title II disability benefits.

April 13, 2009: Date on the notice of decision-unfavorable. The notice includes the address of the plaintiff. The notice indicates that plaintiff must file their request for review within 60 days from the date plaintiff received the notice; the notice further states that it will be assumed that plaintiff received the notice within 5 days of the date shown above (April 13, 2009) unless plaintiff shows that she did not get it within the 5-day period.

July 1, 2009: Date of letter from Social Security to counsel for plaintiff indicating that counsel had called that day and had stated that they had not received a copy of the ALJ decision.

July 2, 2009: Date of request for review of hearing decision by plaintiff and statement of good cause. Plaintiff asserted that neither she nor her counsel received the ALJ decision of April 13, 2009.[1]

Aug. 10, 2009: Appeals Council issued an order dismissing plaintiff's request for review as untimely filed. The Appeals Council gave the following explanation for its decision:

> This case is before the Appeals Council on the claimant's request for review of the Administrative Law Judge's decision issued on April 13, 2009. The request for review filed on July 8, 2009, was not filed within 60 days from the date notice of the decision was received as required by 20 CFR 404.968(a). The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.
>
> The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and

---

[1]The request for review indicates that it was received on July 9, 2009.

2

> the time for filing has not been extended (20
> CFR 404.971). The time period will be
> extended if good cause is shown for missing
> the deadline (20 CFR 404.968(b).
>
> The claimant's representative contends that
> neither he nor the claimant received a copy
> of the Notice of Decision. The Appeals
> Council finds no basis to support this
> contention. There are no address
> discrepancies between the addresses shown on
> the Notice of Decision and the addresses of
> record supplied by the claimant or the
> representative. In addition, there is no
> evidence of any undelivered mail returned to
> the hearing office.
>
> The Appeals Council, therefore, finds that
> there is no good cause to extend the time for
> filing and, accordingly, dismisses the
> claimant's request for review. The
> Administrative Law Judge's decision stands as
> the final decision of the Commissioner.

(Doc. 8-1).

## II. Applicable legal standards

42 U.S.C. § 405(g) provides that a party may obtain judicial review in federal district court of any "final decision" of the Commissioner after a hearing. The term "final decision" is left undefined by the Social Security Act and its meaning is to be fleshed out by the Commissioner's regulations. Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975).

The administrative review process in Social Security disability cases is set forth in 20 C.F.R. § 404.900:

> (a) *Explanation of the administrative review
> process*. This subpart explains the procedures
> we follow in determining your rights under
> title II of the Social Security Act. The

regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps...The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:

(1) *Initial determination*. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.

(2) *Reconsideration*. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) *Hearing before an administrative law judge*. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) *Appeals Council review*. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) *Federal court review*. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

(6) *Expedited appeals process*. At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to

> go directly to a Federal district court so that the constitutional issue may be resolved.

The regulation concerning judicial review is as follows:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner. A claimant may also obtain judicial review of a reconsidered determination, or of a decision of an administrative law judge, where, under the expedited appeals procedure, further administrative review is waived by agreement under §§ 404.926, 410.629d, or 416.1426 of this chapter or 42 CFR 405.718a-e as appropriate.

20 C.F.R. § 422.210(a). See Bowen v. City of New York, 476 U.S. 467, 471-472, 106 S. Ct. 2022, 2025-2026 (1986).

A claimant may request Appeals Council review within 60 days after the date the claimant received notice of the hearing decision. 20 C.F.R. § 404.968(a). The date that the claimant received notice is deemed to be 5 days after the date on the notice, unless the claimant shows the Commissioner that the plaintiff did not receive the notice within the 5-day period. 20 C.F.R. § 404.901.

In Brandtner v. Department of Health and Human Services, 150 F.3d 1306 (10th Cir. 1998), the ALJ issued his decision on January 27, 1994, and the plaintiff was notified that, if he wished to appeal the ALJ's decision, he must do so within 60 days from the date he received notice of the decision. However, the

5

plaintiff did not petition the Appeals Council to review the ALJ's decision until June 19, 1996, well beyond the 60 days from notification of the ALJ decision. The court held as follows:

> Because plaintiff failed to make a timely request for review of the ALJ's decision denying benefits to the Appeals Council, the ALJ's decision binds plaintiff. See id. § 404.955(a). The Appeals Council's dismissal of plaintiff's request for review is binding and not subject to further review. See id. § 404.972. The dismissal as untimely is not a decision on the merits or a denial of a request for review by the Appeals Council, both of which constitute final decisions and can be reviewed by the federal district court. See id. § 404.981. Our sole jurisdictional basis in social security cases arises from 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Secretary. See Reed v. Heckler, 756 F.2d 779, 782 (10th Cir.1985). Plaintiff did not request administrative review of the ALJ's decision in a timely manner, the Appeals Council dismissed his request for review as untimely, and, consequently, there is no "final decision" for us to review. With one exception, every circuit court that has addressed this question has reached this same result...[W]e join the majority of circuit courts in holding that we have no jurisdiction to review a decision when the Appeals Council has dismissed an untimely request for review, because there is no final decision of the Secretary as required under 42 U.S.C. § 405(g). The district court was correct in dismissing the action for that reason. Accordingly, the appeal is DISMISSED for lack of jurisdiction.

150 F.3d at 1307.

The requirement that the administrative remedies be exhausted and a final decision obtained is waivable when a

6

claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate.  Bowen, 476 U.S. at 482-483, 106 S. Ct. at 2031.  This is so when 3 requirements have been met: (1) plaintiff asserts a colorable constitutional claim that is collateral to the substantive claim of entitlement, (2) exhaustion would result in irreparable harm, and (3) exhaustion would be futile.  Harline v. Drug Enforcement Administration, 148 F.3d 1199, 1203 (10th 1998); Koerpel v. Heckler, 797 F.2d 858, 862 (10th Cir. 1986).  On the other hand, if a claimant alleges a mere deviation from the applicable regulations in his or her particular administrative proceeding, such individual errors are, in the normal course, fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation.  Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context.  Bowen, 476 U.S. at 484-485, 106 S. Ct. at 2032.

**III. Has the plaintiff asserted a colorable constitutional claim?**

The unfavorable ALJ decision, and the notice of that decision, are dated April 13, 2009.  If plaintiff received timely notice of the decision, plaintiff had 65 days from April 13,

7

2009, or until June 17, 2009, to file a request for review of the ALJ decision.  Plaintiff's request for review is dated July 2, 2009, and was received by the Social Security Administration on July 9, 2009, outside the 65 day period.  On August 10, 2009, the Appeals Council found that there was no good cause to extend the time for filing and dismissed plaintiff's request for review.

Absent a colorable constitutional claim, a district court does not have jurisdiction to review the Commissioner's discretionary decision not to reopen an earlier adjudication. Blair v. Apfel, 229 F.3d 1294, 1295 (10th Cir. 2000).  A decision by an Appeals Council not to consider an untimely request for review is not a "final decision" subject to judicial review. Brandtner, 150 F.3d at 1307; Callender v. Social Security Administration, 275 Fed. Appx. 174, 176 (3rd Cir. Apr. 23, 2008); Bacon v. Sullivan, 969 F.2d 1517, 1519 (3rd Cir. 1992).  However, an Appeals Council decision not to review a claimant's late filing may constitute a "final decision" for purposes of judicial review where a colorable constitutional claim is raised. Callender, 275 Fed. Appx. at 176; Bacon, 969 F.2d at 1521; see Brandtner, 150 F.3d at 1307 n.3.  Therefore, absent a colorable constitutional claim by the plaintiff, the Brandtner opinion governs, there is no "final decision" for the court to review, and this court lacks jurisdiction to hear this case.  Plaintiff asserts a constitutional claim that she was denied due process

because she was not provided notice of the unfavorable decision by the ALJ, which prevented her from being able to exhaust her administrative remedies.

The only issue before the court is to determine the constitutional validity of the notice of the ALJ decision. The court must determine the existence of a constitutional claim as a matter of law, and review the issues of fact underlying the Commissioner's determination for substantial evidence. <u>Costello (as substitute party for Bascombe) v. Barnhart</u>, 125 Fed. Appx. 920, 922 (10th Cir. Jan. 26, 2005). In most contexts, notice is constitutionally sufficient if it is reasonably calculated to reach and inform the person entitled to be notified. <u>Stieberger v. Apfel</u>, 134 F.3d 37, 39 (2nd Cir. 1997). Whether a particular method of notice is reasonable depends on the particular circumstances. <u>Tulsa Professional Collection Services, Inc. v. Pope</u>, 485 U.S. 478, 484, 108 S. Ct. 1340, 1344, 99 L. Ed.2d 565 (1988). Mail service to a person's last known address is considered an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice. <u>Pope</u>, 485 U.S. at 490, 108 S. Ct. at 1347. A notice of a tax deficiency has been held to be valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's "last known address." <u>Armstrong v. Commissioner of Internal Revenue</u>, 15 F.3d 970, 973 (10th Cir. 1994). Due process requires notice reasonably

calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. However, due process does not require that the interested party actually receive the notice. Costello, 125 Fed. Appx. at 922.

In the case of Davis v. United States Postal Service, 142 F.3d 1334 (10th Cir. 1998), the court held:

> While the law presumes receipt of a properly addressed piece of mail, [citation omitted] there is no testimony on the record permitting any inference that the December 13, 1993 letter was actually mailed. The common law presumption that an item properly mailed was received by the addressee arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. [citation omitted] Plaintiff's testimony that her attorney mailed the letter to USPS is insufficient because plaintiff has no personal knowledge that her attorney did so. **There is no affidavit presented in the record by the attorney or anyone from the attorney's office as to such mailing, nor is there any testimony regarding the customary mailing practices in the attorney's office that would permit an inference that the letter had sufficient postage and was mailed** [citation omitted].

142 F.3d at 1340 (emphasis added).

The relevant portion of the decision of the Appeals Council in dismissing plaintiff's request for review is as follows:

> The claimant's representative contends that neither he nor the claimant received a copy of the Notice of Decision. The Appeals Council finds no basis to support this

>contention. There are no address
>discrepancies between the addresses shown on
>the Notice of Decision and the addresses of
>record supplied by the claimant or the
>representative. In addition, there is no
>evidence of any undelivered mail returned to
>the hearing office.

(Doc. 8-1). Thus, the Appeals Council acknowledged that plaintiff was asserting that neither she nor her attorney received the notice of the unfavorable decision by the ALJ; however, the Appeals Council found no basis to support his contention, relying on the fact that there was no discrepancy in plaintiff's address and no evidence of undelivered mail returned to the hearing office.

In the case of Bascombe v. Apfel,[2] plaintiff filed an untimely request for reconsideration of his 1989 application for disability. Plaintiff alleged that he never received the initial denial notice. However, the ALJ stated that the record reflected that the denial letter was sent to the same address as all the other correspondence and supplemental security income (SSI) checks. Bascombe, Case No. 99-1154 (R. at 16). The Appeals

---

[2] This case has a long history. In Bascombe v. Apfel, Case No. 99-1154 (D. Kan. June 9, 2000, Doc. 17-18), the court remanded the case in order for the Commissioner to conduct an evidentiary hearing on whether the claimant received a copy of a denial notice. In Costello (as substituted party for deceased Bascombe) v. Barnhart, Case No. 03-1274 (D. Kan. March 31, 2004, Doc. 11), the court upheld the Commissioner's finding that notice was mailed to the claimant; therefore there was no colorable constitutional claim that would give the court jurisdiction. This decision was upheld in Costello v. Barnhart, 125 Fed. Appx. 920 (10th Cir. Jan. 26, 2005).

Council affirmed the ALJ's decision not to reconsider or reopen the 1989 application, stating that plaintiff's contention that he did not receive notice of the original denial determination is not established by the evidence, as found by the Administrative Law Judge." <u>Bascombe</u> (R. at 5). Judge Belot held that the presence of the denial notice in defendant's file bearing plaintiff's correct name and address, standing alone, is not sufficient evidence to establish that the notice was mailed to the plaintiff. <u>Bascombe</u>, Doc. 16 at 5-6. Relying on <u>Davis</u>, which indicated that there must be some testimony in the record which would permit an inference that the letter was actually mailed, the court remanded the case to the Commissioner in order for the Commissioner to conduct an evidentiary hearing and to make findings as to whether the plaintiff received a copy of the 1989 notice of denial. <u>Bascombe</u>, Doc. 17-18.

Upon remand, the ALJ heard testimony explaining the office procedures concerning the mailing of notices. There was testimony indicating that the address of the claimant was printed on the notice of denial, and that one copy was mailed to the claimant. The record contained a copy of the notice of denial. The file of the plaintiff did not indicate that the letter to the plaintiff was returned. There was further testimony that the procedure was to mail notices to the claimant on either the day of the decision or the next day. Based on this testimony, the

ALJ found that the denial notice had been mailed to the claimant. This court held that substantial evidence supported the decision of the ALJ. Costello, Case No. 03-1274-WEB (D. Kan. March 31, 2004, Doc. 11). That decision was affirmed in Costello v. Barnhart, 125 Fed. Appx. 920 (10th Cir. Jan. 26, 2005).

In Davis, the court indicated that there must be testimonial or affidavit evidence in the record that the notice was mailed to the claimant, or regarding the customary mailing practices that would permit an inference that the letter containing the notice had sufficient postage and was mailed. 142 F.3d at 1340. In McKentry v. Secretary of Health and Human Services, 655 F.2d 721, 723-724 (6th Cir. 1981), the court found no evidence in the record that the notice of reconsideration, which included claimant's name, was ever mailed to the claimant. The court, relying on Atteberry v. Finch, 424 F.2d 36 (10th Cir. 1970), further held that the presence of a piece of paper in the file is not necessarily proof of mailing. The court remanded the case in order for the Secretary to conduct a hearing. In Bascombe, the case was remanded for further hearing because of the absence of any evidence that the denial notice was mailed. In that case, the court held that the presence of the denial notice in the file, even bearing plaintiff's correct name and address, is not evidence that the notice was mailed to the plaintiff. In the case before the court (Slocum), the Appeals Council did not cite

13

to any testimonial or affidavit evidence that would indicate or support an inference that the letter containing the notice was mailed to the plaintiff. The Appeals Council simply relied on the fact that the address on the notice appeared to be correct, and that the record did not show that undelivered mail was returned to the hearing office.

The record provided by the defendant includes a letter dated July 1, 2009 from the Social Security Administration to counsel for the plaintiff. It states, in part, the following:

> Enclosed please find copies of the Decision dated April 13, 2009 issued by ALJ Sybrant in this claim...The electronic record reveals this claim was "closed" by this office proximal thereto. Our standard procedure is to mail a copy of the Decision to the claimant and the representative (if any) on the date the claim was closed. The electronic record suggests that was done in this claim, but there is no concrete evidence to establish that such occurred. Also, there is no indication to establish whether or not the U.S. Postal Service had difficulty in delivering the Decision, if actually mailed.

(Doc. 8-1, p. 15).

Subsequent to the decision of the Appeals Council, defendant submitted an affidavit dated November 10, 2009 from Marian Jones of the Social Security Administration (Doc. 8-1, p. 2-4). In her declaration or affidavit, Ms. Jones states the following:

> To the best of my knowledge and belief said file [of the plaintiff] shows that:
>
> (a) An Administrative Law Judge issued a decision dated April 13, 2009, denying the

14

>           plaintiff's claim for benefits under Title II
>           filed on October 10, 2006, and mailed copies
>           thereof to the plaintiff and her
>           representative (Exhibit 1).

(Doc. 8-1, p. 4).

Although the letter of July 1, 2009 indicates that the standard procedure is to mail a copy of the decision to the claimant and their representative when the claim was closed, it also states that the record "suggests" that was done in this case, and it further states that there is no concrete evidence to establish that such occurred. Thus, it is not entirely clear from this letter if the notice was mailed to the claimant, and if mailed, when it was mailed.[3] Furthermore, the Appeals Council did not mention that it considered the information in this letter when it dismissed plaintiff's request for review. The affidavit of November 10, 2009 was prepared after the Appeals Council decision, and thus could not have been considered by the Appeals Council when it issued its decision on August 10, 2009. Furthermore, the affidavit of November 10, 2009, although

---

[3]If the notice was mailed on April 13, 2009, the date on the notice, plaintiff had until June 17, 2009 to file a request for review. The letter states that plaintiff made inquiry on July 1, 2009 asserting that they had not received the notice. The July 1, 2009 letter indicates that the standard procedure is to mail a copy of the notice on the date the claim is closed, and that this claim was closed proximal thereto the date of the decision, April 13, 2009. However, it cannot be ascertained from the record what should be considered "proximal thereto" to the date of the decision. If the notice was not mailed until April 27, 2009, two weeks after the decision, plaintiff would have until July 1, 2009 to file a request for review.

15

indicating that a copy of the decision was mailed to the plaintiff and her representative, is silent as to when it would have been mailed. The date of mailing is critical to a determination of the timeliness of plaintiff's request for review of the ALJ decision.

Plaintiff has raised a constitutional due process claim, asserting that she did not receive notice of the denial of her disability claim by the ALJ. The parties have provided the court with those portions of the record relevant to the due process claim. However, because the Appeals Council did not rely on any testimonial or affidavit evidence, and given the somewhat ambiguous nature of the letter of July 1, 2009 and the affidavit of November 10, 2009, the court, unlike the case in Costello v. Barnhart, 125 Fed. Appx. 920 (10th Cir. 2005), cannot say that the Appeals Council had before it substantial evidence allowing it to reasonably conclude that the agency mailed the denial notice to the plaintiff, and if so, the date on which it was mailed. Therefore, the court will recommend that defendant's motion to dismiss be denied. Furthermore, the court will follow the procedure used in Bascombe and recommend that the case be remanded to the Commissioner in order for the Commissioner to conduct an evidentiary hearing, including testimony and/or affidavits, and to make findings as to whether plaintiff was mailed a copy of the ALJ decision of April 13, 2009, and, if so,

the date the notice was mailed.[4]  At the hearing, the Commissioner would have an opportunity to present evidence that would permit a reasonable inference that the denial notice was actually mailed to the plaintiff, and the date or approximate date it would have been mailed.  Any evidentiary findings would then be subject to subsequent judicial review upon petition of the plaintiff in order to determine if the decision was supported by substantial evidence.  <u>Stieberger v. Apfel</u>, 134 F.3d 37, 41 (2d Cir. 1997); <u>Bascombe</u>, Case No. 99-1154 (D. Kan. June 9, 2000, Doc. 17-18); <u>Bellantoni</u>, 566 F. Supp. at 316; <u>see</u> <u>Francisco</u>, 366 F. Supp.2d at 462, 465, 467-468)(The Commissioner filed a motion for summary judgment, alleging that there was no "final decision" of the Commissioner conferring jurisdiction on the court, and further asserting that claimant failed to present a colorable constitutional claim.  The court held that it was unable to discern, based on the limited record evidence, whether the notice was provided to the claimant at his correct address.  Claimant was therefore found to have sufficiently established a colorable constitutional claim that his right to due process was violated

---

[4]Consistent with <u>Bascombe</u>, numerous courts have remanded cases to the Commissioner in order to conduct a hearing to determine if plaintiff received notice or effective notice of an unfavorable decision.  <u>Penner v. Schweiker</u>, 701 F.2d 256, 260-261 (3rd Cir. 1983); <u>McKentry v. Secretary of Health and Human Services</u>, 655 F.2d 721, 724 (6th Cir. 1981); <u>Francisco v. Barnhart</u>, 366 F. Supp.2d 461, 467-468 (S.D. Tex. 2004); <u>Bellantoni v. Schweiker</u>, 566 F. Supp. 313, 316 (E.D. N.Y. 1983).

which subjected the matter to judicial review. Defendant's motion for summary judgment was denied, and the case was remanded under sentence four for a hearing before the ALJ to determine if the notice was provided to the claimant at his correct address).

IT IS THEREFORE RECOMMENDED that defendant's motion to dismiss (and/or for summary judgment) be denied.

IT IS FURTHER RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 14 days after being served with a copy.

Dated at Wichita, Kansas, on February 9, 2010.

> s/Gerald B. Cohn
> GERALD B. COHN
> United States Magistrate Judge